UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 14, 2016
```

-------------------------------------------------------------- X
                  :

GREGORY CUCCHIARA,              :
                  :

          Plaintiff,      :
                  :

       -v-          :      15-cv-314 (KBF)
                  :

C.O. HOLLINGSWORTH et al.,   :     OPINION & ORDER
                  :

         Defendants.     :
-------------------------------------------------------------- X

KATHERINE B. FORREST, District Judge:

      Plaintiff Gregory Cucchiara brought this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against seven employees of the New York City Department of Correction ("DOC") alleging various violations of his constitutional rights while incarcerated at the George Motchan Detention Center ("GMDC") and Manhattan Detention Complex ("MDC"). All but one of the defendants—defendant Correction Officer Hollingsworth—are represented by the City of New York (the "City").

      The City has moved for summary judgment with respect to all claims against the defendants it represents (the "City Defendants") (ECF No. 97), and defendant Hollingsworth has moved for leave to implead the City (ECF No. 92). For the reasons set forth below, the Court GRANTS the City's motion and DENIES defendant Hollingsworth's. As a result, the sole surviving claims are plaintiff's Section 1983 claims against defendant Hollingsworth. However, as noted below, the Court believes these claims are subject to dismissal due to plaintiff's failure to exhaust available administrative remedies.

I.     BACKGROUND[1]

    A.     <u>Plaintiff's Allegations</u>

Plaintiff alleges that on January 2, 2013, he was "attacked by C.O. Hollin[g]sworth" while incarcerated at GMDC.  (ECF No. 2 at 3.)  Specifically, plaintiff contends that defendant Hollingsworth grabbed and scratched his neck (ECF No. 100-1 ("Cucchiara Dep.") at 67:19-68:3), punched him in the left temple (<u>id.</u> at 70:11-70:19) and kicked him on the lateral side of his left knee (<u>id.</u> at 71:9-71:25).

Plaintiff testified that, following the alleged altercation with defendant Hollingsworth, he sustained a "red ball on the side of [his] head [] that eventually turned into a very, very light bruise" as well as "scratches on [his] neck . . . right above the Adam's apple".  (<u>Id.</u> at 88:7-15.)  Plaintiff also testified that the altercation "re-aggravated" a pre-existing injury in his knee for "[a] few months".  (<u>Id.</u> at 88:16-89:4.)  Plaintiff further alleges that defendants Santos and Ortega "ignore[d] [his] plea for medical attention."  (ECF No. 2 at 3; <u>see also</u> Cucchiara Dep. at 112:3-9.)

On January 6, 2013, plaintiff was seen by Dr. Michael Latunji at the GMDC medical center.  (ECF No. 101 ("City Defs.' 56.1") ¶ 4.)  Plaintiff informed Dr. Latunji that he had been kicked in the right knee by a DOC staff member.  (<u>Id.</u>)  Dr. Latunji examined plaintiff's right knee[2] and observed that plaintiff had full range of

---

[1] The facts set forth herein are undisputed unless otherwise noted.

[2] The Court notes that there are conflicting allegations of whether plaintiff's alleged injury occurred to his left or right knee.  However, as neither party has focused on this, the Court assumes for purposes of this motion that the injury occurred to the same knee that was examined by Dr. Latunji.

motion and that there was no swelling or superficial reddening of the area.

(Id. ¶ 7.)  Ultimately, Dr. Latunji assessed that plaintiff had a contusion on the

right knee that should be treated with naproxen, a non-steroidal, anti-inflammatory

drug.  (Id. ¶ 8.)  Dr. Latunji also examined plaintiff's head and neck and noted that

both were in normal condition without significant abnormalities or swelling.

(Id. ¶¶ 5-6.)  Dr. Latunji observed no lacerations and plaintiff did not require

stitches or an X-ray.  (Id. ¶¶ 9, 11.)

Plaintiff alleges that he was transferred to MDC on January 15, 2013, and

that "[f]rom then on problems d[ue] to negligence increased on a mass scale".

(ECF No. 2 at 3-4.)  Plaintiff further alleges that, while at MDC, he was placed by

defendant Cernyak in a mental observation unit "for no reason", and that he

continues to experience oral sensitivity to hot and cold due to the manner in which a

DOC dentist (named in the complaint as "Dentist C-73" and later identified as

defendant Mullins (ECF No. 25)) pulled his tooth.  (ECF No. 2 at 4.)  Plaintiff also

alleges that he has suffered emotional distress because, on several occasions at

MDC, his "prison comm[i]ssary" was stolen and he was subjected to gang violence.

(Id. at 4-5.)  These latter claims are not asserted against any particular defendant.

    B.    <u>This Litigation</u>

        1.    <u>Plaintiff's Complaint and the City's Motion for Summary Judgment</u>

On January 15, 2015, plaintiff filed this Section 1983 action against seven

DOC employees.  (ECF No. 2.)  Plaintiff principally alleges that, on January 2, 2013,

he was subjected to excessive force by defendant Hollingsworth and subsequently

denied medical treatment by the staff at GMDC and MDC, where he was then incarcerated.  (Id.)  Although plaintiff instituted the action pro se (see ECF No. 2), he later obtained representation (ECF No. 40).

On August 8, 2016, the City moved for summary judgment on plaintiff's claims against the six City Defendants.  (ECF No. 97.)  Plaintiff did not oppose the City's motion.  (See ECF No. 86 (setting deadline for oppositions to motions for summary judgment (other than Hollingsworth's) on August 29, 2016.)  Consequently, on September 6, 2016, the City filed a letter requesting that the Court consider its motion for summary judgment "fully-briefed and unopposed".  (ECF No. 104.)

### 2.   The City's Representation of Defendant Hollingsworth

On April 22, 2015, defendant Hollingsworth executed a waiver of service in this action.  (ECF No. 7.)  The City submits that it began representing defendant Hollingsworth on December 16, 2015.  (ECF No. 95 ¶ 4.)  On December 21, 2015, the City filed an answer on behalf of defendant Hollingsworth.  (ECF No. 43.)

The City represents that, in the course of preparing for defendant Hollingsworth's upcoming deposition scheduled for June 17, 2016, a conflict of interest arose between defendant Hollingsworth and the Office of Corporation Counsel.  (ECF No. 95 ¶¶ 5-6.)  By letter dated June 17, 2016, the City notified defendant Hollingsworth that it had decided to withdraw its representation of him in this matter.  (ECF No. 93-3 at 2; ECF No. 94 at 4; ECF No. 96 at 3.)  The declination letter stated, in relevant part:

> Section 50-k(2) of the General Municipal Law states, among other things, that the City shall provide for the defense of an employee in an action "arising out of any alleged act or omission which the Corporation Counsel finds occurred while the employee was acting within the scope of his employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred."  We have concluded that we cannot make the requisite findings under Section 50-k(2), and, consequently, we are unable to represent you.

(ECF No. 93-3 at 2.)  On June 28, 2016, the City filed a motion to withdraw as counsel for defendant Hollingsworth.  (ECF No. 82.)  The accompanying cover letter reiterated the City's request to withdraw as counsel for defendant Hollingsworth and further stated that "[t]he conflict of interest at issue is based on information which is protected by the ongoing attorney-client privilege between [the Office of Corporation Counsel] and Correction Officer Hollingsworth".  (ECF No. 81 at 2.)

On June 29, 2016, the Court granted the City's request to withdraw its representation of defendant Hollingsworth.  (ECF No. 85.)  On July 6, 2016, Julie Ann Ortiz filed a notice of appearance on behalf of defendant Hollingsworth (ECF No. 87) and submitted a letter requesting (1) an extension of fact discovery for defendant Hollingsworth; and (2) permission to file a motion for leave to implead the City as a third-party defendant to defendant Hollingsworth's proposed representation and indemnification claims (ECF No. 88).  On July 11, 2016, the Court granted both requests.  (ECF No. 91.)  On July 25, 2016, defendant Hollingsworth filed a motion for leave to implead the City (ECF No. 92), which the City opposed on August 5, 2016 (ECF No. 96).

II.   LEGAL STANDARDS

    A.   Summary Judgment Standard

Summary judgment may not be granted unless a movant shows, based on admissible evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law".  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact".  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When the moving party does not bear the ultimate burden on a particular claim or issue, it need only make a showing that the non-moving party lacks evidence from which a reasonable jury could find in the non-moving party's favor at trial.  Id. at 322-23.  This burden remains even when a party's motion is unopposed.  See Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (quoting Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001)).

In making a determination on summary judgment, the court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor".  Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010) (citing LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp., 424 F>3d 195, 205 (2d Cir. 2005)).  Once the moving party has discharged its burden, the opposing party must set out specific facts showing a genuine issue of material fact for trial.  Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).  "A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "mere conclusory allegations or denials cannot by themselves create a genuine issue of

material fact where none would otherwise exist".  <u>Hicks v. Baines</u>, 593 F.3d 159,

166 (2d Cir. 2010) (internal quotation marks, citations and alterations omitted).  In

addition, "only admissible evidence need be considered by the trial court in ruling

on a motion for summary judgment".  <u>Porter v. Quarantillo</u>, 722 F.3d 94, 97 (2d Cir.

2013) (internal quotation marks, citation and alterations omitted).

      B.    <u>Prison Litigation Reform Act</u>

     The Prison Litigation Reform Act ("PLRA") "instructs that '[n]o action shall

be brought with respect to prison conditions under [42 U.S.C. § 1983] . . . by a

prisoner . . . until such administrative remedies as are available are exhausted.'"

<u>Williams v. Correction Officer Priatno</u>, 829 F.3d 118, 122 (2d Cir. 2016) (quoting 42

U.S.C. § 1997e(a)).  "Failure to exhaust administrative remedies is an affirmative

defense under the PLRA".  <u>Id.</u> (citations omitted).  However, an inmate is not

obligated to exhaust administrative remedies that are "officially on the books" but

"not capable of use to obtain relief", and hence practically unavailable.  <u>Id.</u> at 123

(quoting <u>Ross v. Blake</u>, __ U.S. __, 136 S. Ct. 1850, 1859 (2016)).  An administrative

remedy is unavailable for practical purposes if it (1) "operates as a simple dead

end—with officers unable or consistently unwilling to provide any relief to

aggrieved inmates"; (2) is "so opaque" that "no ordinary prisoner can discern or

navigate" the process to obtain relief; or (3) is blocked by prison administrators who

"thwart inmates from taking advantage of a grievance process through

machination, misrepresentation, or intimidation."  <u>Id.</u> (quoting <u>Ross</u>, 136 S. Ct. at

1859-60) (internal quotation marks omitted)).

C.     <u>Impleader</u>

Rule 14(a) of the Federal Rules of Civil Procedure "permits a defending party
to implead another 'who is or may be liable to the third-party plaintiff for all or part
of the plaintiff's claim against the third-party plaintiff'". <u>Bank of India v. Trendi</u>
<u>Sportswear, Inc.</u>, 239 F.3d 428, 437-38 (2d Cir. 2000) (quoting Fed. R. Civ. P. 14(a)).
The third party's liability "must be dependent on, or derivative of, the main or
third-party claim". <u>Id.</u> at 438 (citation omitted); <u>see also</u> <u>Kenneth Leventhal & Co.</u>
<u>v. Joyner Wholesale Co.</u>, 736 F.2d 29, 31 (2d Cir. 1984) (per curiam).

A defendant must obtain leave of court to implead a third party if it seeks to
do so more than fourteen days after serving its original answer.  Fed. R. Civ. P.
14(a)(1).  "The decision whether to permit a defendant to implead a third-party
defendant rests in the trial court's discretion."  <u>Kenneth Leventhal & Co.</u>, 736 F.2d
at 31 (citation omitted).  "'Relevant factors in determining whether to grant leave to
implead include:  (i) whether the movant deliberately delayed or was derelict in
filing the motion; (ii) whether implead[er] would unduly delay or complicate the
trial; (iii) whether implead[er] would prejudice the third-party defendant; and (iv)
whether the third-party complaint states a claim upon which relief can be granted.'"
<u>Trepel v. Dippold</u>, No. 4-cv-8310 (DLC), 2005 WL 2206800, at *2 (S.D.N.Y. Sept. 12,
2005) (quoting <u>Nova Prods., Inc. v. Kisma Video, Inc.</u>, 220 F.R.D. 238, 240 (S.D.N.Y.
2004)).

D.     <u>Supplemental Jurisdiction</u>

28 U.S.C. § 1367 provides district courts "with both the power to exercise
supplemental jurisdiction [over state law claims] and the discretion, in specified

circumstances, to decline to entertain such claims". Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 445 (2d Cir. 1998). "District courts have supplemental jurisdiction over state-law claims that 'form part of the same case or controversy' as other claims over which the court has original jurisdiction." Kroshnyi v. U.S. Pack Courier Servs., Inc., 771 F.3d 93, 102 (2d Cir. 2014) (quoting 28 U.S.C. § 1367(a)). However, a district court "may decline to exercise supplemental jurisdiction over [such a] claim" if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "Courts must consider 'the values of judicial economy, convenience, fairness, and comity' when deciding whether to exercise supplemental jurisdiction. Kroshnyi, 771 F.3d at 102 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).

E.     The City's Representation and Indemnification Obligations

The contours of the City's obligation to represent and indemnify its employees in federal and state civil actions are set forth in four key provisions of Section 50-k of the New York General Municipal Law. See N.Y. Gen. Mun. § 50-k(2)-(5). As a general matter, the City must, upon request, represent its employees in such proceedings and indemnify the full amount of any resulting judgment,

provided the Office of Corporation Counsel finds the alleged act or omission

"occurred while the employee was acting within the scope of his public employment

and in the discharge of his duties" and the employee was not then "in violation of

any rule or regulation of his agency". <u>Id.</u> § 50-k(2) (representation), 50-k(3)

(indemnification).

There are certain exceptions to this general rule.  First, the City's duties to

defend and indemnify its employees are conditioned on "the full cooperation of the

employee in the defense of such action or proceeding".  <u>Id.</u> § 50-k(4).  Section 50-k(4)

instructs:

> In the event that the [C]orporation [C]ounsel shall assume an employee's
> defense and thereafter the employee fails to or refuses to cooperate in the
> formation or presentation of his defense, the court shall permit the
> [C]orporation [C]ounsel to withdraw his representation ten days after giving
> written notice to the employee of his intention to discontinue such
> representation.

<u>Id.</u>  Second, under Section 50-k(5), if "the act or omission upon which the court

proceeding against the employee is based was or is also the basis of a disciplinary

proceeding by the employee's agency against the employee", representation and

indemnification may be withheld "until such disciplinary proceeding has been

resolved" and unless the employee is "exonerated" in the disciplinary proceeding.

<u>Id.</u> § 50-k(5).  Third, the City may not indemnify its employees for injury or damage

arising from "intentional" or "reck[less]" misconduct.  <u>Id.</u> § 50(k)(3).

The issue of whether a particular employee's acts were committed within the

scope of his employment—and thus, whether that employee is entitled to

representation and indemnification by the City—is a matter "'to be determined in

the first instance by the Corporation Counsel . . . and his determination may be set aside only if it lacks a factual basis, and in that sense, is arbitrary and capricious'". Banks v. Yokemick, 144 F. Supp. 2d 272, 278 (S.D.N.Y. 2001) (quoting Williams. v. City of New York, 476 N.E.2d 317, 318 (1985)); see also Lara v. City of New York, No. 13-cv-6684 (DLC), 2014 WL 5463374, at *1 (S.D.N.Y. Oct. 22, 2014) (citing Williams, 476 N.E.2d at 318).

"Claims for indemnification do not generally ripen until a judgment in the underlying action is paid."  See, e.g., Harris v. Rivera, 921 F. Supp. 1058, 1062 (S.D.N.Y. 1995) (citations omitted); Nevares v. Morrissey, No. 95-cv-1135 (JGK), 1998 WL 265119, at *6 (S.D.N.Y. May 22, 1998) (quoting Harris, 921 F. Supp. at 1062); Woo v. City of New York, No. 93-cv-7007 (AJP)(HBD), 1996 WL 457337, at *14 (S.D.N.Y. Sept. 6, 1996) (same); Wong v. Yoo, 649 F. Supp. 2d 34, 76 (E.D.N.Y. 2009) (same); Jocks v. Tavernier, 97 F. Supp. 2d 303, 312 (E.D.N.Y. 2000), vacated on other grounds, 316 F.3d 128 (2d Cir. 2003) (citing Nevares, 1998 WL 265119, at *6).  Some courts have, however, have permitted defendants to assert indemnification cross-claims "before they are technically ripe" in order to promote "fairness and judicial economy".  See, e.g., Harris, 921 F. Supp. at 1062; Woo, 1996 WL 457337, at *14 (quoting Harris, 921 F. Supp. at 1062); Wong, 649 F. Supp. 2d at 76 (same); Jocks v. Tavernier, 97 F. Supp. 2d at 312 (citing Nevares, 1998 WL 265119, at *6).

III.   DISCUSSION

     A.    <u>The City's Motion for Summary Judgment</u>

The City has moved for summary judgment on all claims asserted against the six defendants it represents:  defendants Cernyak, Mullins (a.k.a. "Dentist C-73"), Leman, Mitchell, Ortega and Santos.  (ECF No. 97.)  Plaintiff has not opposed the motion.  Having reviewed the record, the Court agrees with the City that summary judgment is appropriate as to each of the City Defendants.

     1.    <u>Defendants Cernyak and Mullins</u>

Defendants Cernyak and Mullins must be dismissed from the case because plaintiff never served them and the time to do has long since passed.  <u>See</u> Fed. R. Civ. Pro. 4(m).  Absent a showing of good cause by the plaintiff, "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time".  <u>Id.</u>  The deadline to serve defendant Cernyak expired on April 15, 2015, 90 days after plaintiff filed the complaint.  <u>See id.</u>  The deadline to serve defendant Mullins expired on December 21, 2015, a date set by the Court after plaintiff identified defendant Mullins by name instead of by the alias "Dentist C-73" referenced in the complaint.  (<u>See</u> ECF No. 27 (requiring service within 120 days of August 21, 2015).)  Neither defendant Cernyak nor defendant Mullins has been served well over a year after their respective service deadlines expired, and plaintiff—who has been represented by counsel for at least ten months—has proffered no explanation for the failure.  Dismissal is therefore appropriate with respect to these defendants.

2.    <u>Defendants Leman and Mitchell</u>

The City is also entitled to summary judgment dismissing all claims against

defendants Leman and Mitchell, neither of whom is mentioned in the complaint

outside of the caption.[3]  "To establish a section 1983 claim, a 'plaintiff must

establish a given defendant's personal involvement in the claimed violation in order

to hold that defendant liable in his individual capacity.'"  <u>Warren v. Pataki</u>, 823

F.3d 125, 136 (2d Cir. 2016) (quoting <u>Patterson v. Cty. of Oneida, N.Y.</u>, 375 F.3d

206, 229 (2d Cir. 2004)).[4]  "Where the complaint names defendants in the caption

but contains no allegations indicating how they violated the law or injured the

plaintiff, dismissal [as to those defendants] is appropriate."  <u>Inside Connect, Inc. v.</u>

<u>Fischer</u>, No. 13-cv-1138 (CS), 2014 WL 2933221, at *10 (S.D.N.Y. June 30, 2014)

(dismissing Section 1983 claims against named defendant not mentioned in

complaint) (internal quotation marks, citation and alteration omitted); <u>see also</u>

<u>Askew v. Lindsey</u>, No. 15-cv-7496 (KMK), 2016 WL 4992641, at *7 (S.D.N.Y. Sept.

16, 2016) (same) (internal quotation marks and citations omitted); <u>Roberts v. City of</u>

<u>New York</u>, No. 14-cv-5198 (GHW), 2016 WL 4146135, at *7 (S.D.N.Y. Aug. 2, 2016)

(same); <u>Hobbs v. Police Officers of the City of New York</u>, No. 10-cv-5717

---

[3] The original complaint mentions Captain "Carter" in lieu of Captain "Mitchell".  On September 3, 2015, upon receiving a letter from the City regarding the identities of these defendants, the Court deemed the complaint amended to effect this substitution.  (ECF No. 31.)

[4] Personal involvement may be proven through one of five means:  "(1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiffs] by failing to act on information indicating that unconstitutional acts were occurring."  <u>Id.</u> (quoting <u>Colon v. Coughlin</u>, 58 F.3d 865, 873 (2d Cir. 1995)).

(SHS)(HBP), 2014 WL 502030, at *8 (S.D.N.Y. Feb. 6, 2014) (report and recommendation) (recommending entry of summary judgment on Section 1983 claims against two named defendants not mentioned in complaint).  Since plaintiff has failed to plead a single fact supporting defendant Leman's or Mitchell's relation to the allegations in the complaint, the Court enters summary judgment dismissing all claims against them.

      3.    <u>Defendants Ortega and Santos</u>

With respect to defendants Ortega and Santos, the City proffered unrebutted evidence of plaintiff's failure to exhaust available administrative remedies.  Under such circumstances, dismissal is appropriate.  <u>See</u> 42 U.S.C. § 1997e(a); <u>Williams</u>, 829 F.3d at 122. "The correctional facility's requirements, and not the PLRA, 'define the boundaries of proper exhaustion.'"  <u>Myers v. City of New York</u>, No. 11-cv-8525 (PAE), 2012 WL 3776707, at *4 (S.D.N.Y. Aug. 29, 2012), <u>aff'd,</u> 529 F. App'x 105 (2d Cir. 2013) (quoting <u>Espinal v. Goord</u>, 558 F.3d 119, 124 (2d Cir. 2009)).

The inmate grievance process in place at the GMDC and the MDC is the DOC's four-step[5] Inmate Grievance and Request Program (the "IGRP").  (City Defs.' 56.1 ¶¶ 15-23; <u>see also</u> ECF No. 98-1 ("Directive No. 3376").)  The IGRP requires inmates to (1) submit a grievance form to the relevant grievance supervisor within ten business days of the alleged condition or issue; (2) request a formal hearing

---

[5] Some cases construe a previous iteration of the IGRP, which required that, as a fifth step, the aggrieved inmate appeal any unfavorable decision by the CORC to the New York City Board of Correction.  <u>See, e.g.</u>, <u>Myers</u>, 2012 WL 3776707, at *4; <u>Johnson v. New York Dep't. of Correction</u>, No. 13-cv-6799 (CM), 2014 WL 2800753, at *3 (S.D.N.Y. June 16, 2014).  The current version of Directive No. 3376 instead requires the CORC to automatically apprise the Board of Correction of an appeal to the CORC and afford it the opportunity to be heard.

before the Inmate Grievance Resolution Committee ("IGRC") within five days of the prior decision; (3) appeal any unfavorable decision by the IGRC to the commanding officer within five days; and (4) appeal any unfavorable decision by the commanding officer to the Central Office Review Committee ("CORC") within five days.  Myers, 2012 WL 3776707, at *4; Johnson, 2014 WL 2800753, at *3.  (See also City Defs.' 56.1 ¶¶ 17-23; Directive No. 3376 at 1-3.)  "The CORC's disposition constitutes the [DOC's] final decision on the inmate's request or grievance."  (Directive No. 3376 at 2-3.)  Inmates who do not receive a response at any point in the IGRP process and wish to pursue their grievance must appeal to the next level of the process in a timely fashion in order to exhaust his or her available administrative remedies.  Johnson, 2014 WL 2800753, at *4 (citing Gantt v. Horn, No. 09-cv-7310 (PAE), 2013 WL 865844, at *6 (S.D.N.Y. Mar. 8, 2013)); Williams v. Ramos, No. 13-cv-826 (VB), 2015 WL 864888, at *2 (S.D.N.Y. Feb. 9, 2015); see generally Williams, 829 F.3d at 122 (describing PLRA exhaustion requirement).  (See also City Defs.' 56.1 ¶ 23; Directive No. 3376 at 14.)

"It is well settled that an inmate must complete all requisite steps of the IGRP in order to fully exhaust his administrative remedies".  Johnson, 2014 WL 2800753, at *4; see also Myers, 2012 WL 3776707, at *4 ("'An inmate's administrative remedies are not exhausted until he proceeds through all [four] levels of the IGRP.'") (quoting Houston v. Horn, No. 09-cv-801, 2010 WL 1948612, at *6 (S.D.N.Y. May 13, 2010)).  Here, while the City and plaintiff disagree about whether plaintiff ever filed a grievance concerning the allegations in the complaint

(compare City Defs.' 56.1 ¶¶ 26-27 (stating the City has no record of plaintiff filing any grievance relating to the incident in question from January 1, 2013 to January 1, 2014) with ECF No. 2 at 6 (alleging plaintiff filed grievances concerning "all" claims in the complaint)), it is undisputed that plaintiff never appealed to the CORC as required for exhaustion.

Plaintiff's allegation that his grievances and complaints to "capt[a]ins and staff" were "ignored" (ECF No. 2 at 6; City Defs.' 56.1 ¶ 25) does not excuse his failure to pursue all four steps of the IGRP—he was still required to timely request a formal hearing before the IGRC, to appeal to the commanding officer, and ultimately, to the CORC. See Seymore v. City of New York, No. 12-cv-6870 (GBD)(HBP), 2014 WL 1259563, at *8 (S.D.N.Y. Mar. 26, 2014) ("The fact that plaintiff claims he received no response to his grievance and request for a hearing does not excuse him from the obligation of exhausting his administrative appeals.") (citations omitted).  In the absence of any evidence that these routes were "unavailable" to plaintiff, see Williams, 829 F.3d at 123, the Court finds the PLRA precludes plaintiff's action against defendants Ortega and Santos.

4.    Defendant Hollingsworth

While defendant Hollingsworth has not sought dismissal for failure to exhaust available administrative remedies, the Court notes sua sponte that the facts pertinent to exhaustion vis-à-vis defendant Hollingsworth are no different than those vis-à-vis defendants Ortega and Santos.  (See Section III.A.3 supra.) Accordingly, the Court orders plaintiff to show cause within fourteen days of the date hereof as to why the Court should not dismiss the claims against defendant

Hollingsworth as well.  If plaintiff does not respond within fourteen days, the Court will dismiss the claims against him <u>sua sponte</u>.

    B.    <u>Defendant Hollingsworth's Motion to Implead the City as a Third-Party Defendant</u>

Defendant Hollingsworth seeks leave to implead the City as a third-party defendant so that he may assert claims for wrongful denial of representation and indemnification.  (ECF Nos. 92, 94 at 6.)  As the Court has already noted (<u>see</u> Section III.A.4 <u>supra</u>), the Court believes plaintiff's action as to defendant Hollingsworth is subject to dismissal, and therefore the following portion of the opinion may soon become moot.  However, given that plaintiff has not yet had an opportunity to show cause as to why dismissal of his claims against defendant Hollingsworth is inappropriate, the Court addresses defendant Hollingsworth's motion, and the City's response thereto.

The City argues that impleader is inappropriate because the Court lacks jurisdiction over these claims and the proposed indemnification claim is not ripe.  (ECF No. 96 at 2.)  These arguments go to the fourth factor relevant to impleader, <u>i.e.</u>, whether the proposed complaint states a claim.  The Court therefore addresses this factor first.  As set forth below, the Court declines to exercise supplemental jurisdiction over defendant Hollingsworth's proposed claims.  In any event, the Court finds impleader inappropriate because in the context of the facts pled here, the indemnification claim is not ripe.  Given these conclusions, the Court need not address the remaining three factors governing the impleader analysis.

1.     <u>The Court Declines to Exercise Supplemental Jurisdiction Over the Representation and Indemnification Claims.</u>

The Court agrees with the City that it should decline to exercise supplemental jurisdiction over defendant Hollingsworth's representation and indemnification claims.  Although "the weight of opinion among courts in this District" is that defendants may assert claims for representation and indemnification for the first time via third-party claims in federal court, <u>Yokemick</u>, 144 F. Supp. 2d at 277 (collecting cases); <u>see also</u> <u>Barnes v. Banks</u>, No. 10-cv-4802 (RJS)(JLC), 2011 WL 4943972, at *4 (S.D.N.Y. Oct. 18, 2011), no New York State court has ever considered federal court or an Article 78 proceeding to be the exclusive forum in which to challenge the City's denial of representation or indemnification, <u>see, e.g.</u>, <u>Yokemick</u>, 144 F. Supp. 2d at 277 (collecting cases); <u>Nevares</u>, 1998 WL 265119, at *3 (same).

This silence, when coupled with several other open questions concerning the application of Section 50-k, raise the sort of "novel and complex issues" of New York State law that are best suited for New York courts to decide.  <u>See</u> <u>Nevares</u>, 1998 WL 265119, at *9 (declining to exercise supplemental jurisdiction over indemnification cross-claim); <u>Yokemick</u>, 144 F. Supp. 2d at 281-82, 288 (discussing "open issues relating to the application of G.M.L. § 50-k" and inviting parties to stipulate that indemnification cross-claim be litigated in state court given the "many state law unknowns").

2.    <u>Defendant Hollingsworth's Indemnification Claim Is Not Ripe.</u>

The City additionally contends that Mr. Hollingsworth's indemnification claim is "premature". (ECF No. 96 at 2.) The Court agrees. "Claims for indemnification do not generally ripen until a judgment in the underlying action is paid." <u>See, e.g.</u>, <u>Harris</u>, 921 F. Supp. at 1062; <u>Nevares</u>, 1998 WL 265119, at *6 (quoting <u>Harris</u>, 921 F. Supp. at 1062); <u>Woo</u>, 1996 WL 457337, at *14 (same); <u>Wong</u>, 649 F. Supp. 2d at 76 (same); <u>Jocks</u>, 97 F. Supp. 2d at 312 (citing <u>Nevares</u>, 1998 WL 265119, at *6). The City has represented in this case and others that the Office of Corporation Counsel does not make a final determination on whether it will indemnify an employee until after a verdict has been entered in the underlying action. (<u>See</u> ECF No. 96 at 7-8); <u>see also</u> <u>Yokemick</u>, 144 F. Supp. 2d at 284; <u>Nevares</u>, 1998 WL 265119, at *7.

In light of the ripeness doctrine and the City's policy, courts have generally taken two approaches when third-party defendants assert indemnification claims before judgment. In <u>Nevares</u>, Judge Koeltl dismissed the indemnification cross-claim as not ripe, requiring plaintiff to file suit in state court after judgment was rendered. <u>See</u> <u>Nevares</u>, 1998 WL 265119, at *7 (dismissing indemnification cross-claim because, <u>inter alia</u>, "the City represents that it does not make a decision whether to indemnify an employee until after the jury has returned a verdict in the action in which the employee was named as a defendant."). Other courts have permitted defendants to assert indemnification cross-claims "before they are technically ripe" in order to promote "fairness and judicial economy", but have deferred consideration of the indemnification cross-claim until after a verdict as to

liability has been entered; then, in a post-verdict proceeding, these courts apply New York law to assess the indemnification claim.  See Yokemick, 144 F. Supp. at 287 ("this Court will consider the [indemnification] claim as a matter of law after the jury has returned its verdict on the plenary action, and after the City has had a reasonable opportunity, following its assessment of the evidence at trial, to decide whether or not it will indemnify"); Harris, 921 F. Supp. at 1062 (bifurcating trial such that "[o]nly if the jury decides in favor of the plaintiff will the jury be given the defendant's claim against the City"); Hogan v. City of New York, No. 04-cv-3298 (JFB)(SMG), 2008 WL 189891, at *2 (E.D.N.Y. Jan. 18, 2008) (rejecting City's request for pre-trial review of a third-party plaintiff's indemnification claim).

Even if the Court exercised supplemental jurisdiction over defendant Hollingsworth's indemnification claim, it would decline leave to implead under the former approach.  See Nevares, 1998 WL 265119, at *7.  Here, the interests of "judicial economy and fairness" are not furthered by permitting impleader of an unripe claim for at least four reasons.  First, contrary to plaintiff's assertion (ECF No. 94 at 7), requiring plaintiff to proceed in state court would not meaningfully delay any potential recovery because indemnification will be litigated post-judgment regardless of the forum.  Second, given the Court's above ruling on plaintiff's motion for summary judgment (see supra at Section III.A), the City is no longer a defendant to the primary action brought by plaintiff.  Granting impleader would inequitably force the City to remain involved in this lawsuit through verdict even though its interest arises only if defendant Hollingsworth is found liable to the

plaintiff.  Third, in the event the case is resolved before verdict or a verdict is returned in defendant Hollingsworth's favor, judicial economy would be saved by foregoing joinder of an unripe claim.  Fourth, and finally, it is possible that the City's dismissal from this case will in itself resolve the alleged conflict of interest that presently precludes the City from representing and indemnifying defendant Hollingsworth.  See Mercurio v. City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985) (discussing conflicts of interest that may arise "if both the City and the individual[] [employees] are named as defendants in an action").  Taken together, these considerations weigh in favor of not joining the unripe indemnification claim.

## IV.   CONCLUSION

For the reasons set forth above, the Court hereby GRANTS the City's motion for summary judgment (ECF No. 97) and DENIES defendant Hollingsworth's motion for leave to implead the City (ECF No. 92).  In addition, plaintiff is ordered to show cause **within fourteen days** as to why his claims against defendant Hollingsworth should not be dismissed based on a failure to exhaust his administrative remedies.

The Clerk of Court is directed to terminate the motions at ECF Nos. 92 and 97.

SO ORDERED.

Dated:      New York, New York
            October 14, 2016

                                    _____
                                    KATHERINE B. FORREST
                                    United States District Judge

21